KIMIA KARAMI (SBN 334708)
kkarami@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile:  213-614-7399

Attorneys for Plaintiff
PRIME PROPERTY AND CASUALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FLORIDA BEAUTY EXPRESS, INC.; LOUIS CARBONELL; ANGEL WILLIAM CUAN ALDANA; RODICIO TRUCKING, INC.; TEMPEST TRANSPORTATION, INC. and JOSE LOUIS AGUILAR,<br><br>Defendants. | Case No. 2:24-cv-00110<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1

COMPLAINT FOR DECLARATORY RELIEF
Case No. 2:24-cv-00110
93112\315686202.v1

Plaintiff, Prime Property and Casualty Insurance Company ("Prime") sues Florida Beauty Express, Inc. ("FBE"), Louis Carbonell ("Carbonell"), Angel William Cuan Aldana ("Cuan"), Rodicio Trucking, Inc. ("Rodicio"), Tempest Transportation, Inc. ("Tempest"), and Jose Louis Aguilar ("Aguilar") (collectively, "Defendants") for declaratory relief as follows:

## I.   PARTIES

1. Prime is a foreign Corporation under the laws of the State of Illinois, domiciled in and with its principal place of business in Utah.

2. FBE is a Florida company organized under the laws of Florida, domiciled in and with its principal place of business in Miami, Florida.

3. Carbonell was, at all times relevant to this action, a citizen of the State of Florida, domiciled in and a resident of Coral Gables, Florida.

4. Cuan was, at all times relevant to this action, a citizen of the State of Florida, domiciled in and a resident of Miami, Florida

5. Rodicio is a Florida company organized under the laws of Florida, domiciled in and with its principal place of business in Hialeah, Florida.

6. Tempest is a Florida company organized under the laws of Florida, domiciled in and with its principal place of business in Miami, Florida.

7. Aguilar was, at all times relevant to this action, a citizen of the State of California, domiciled in and a resident of Palmdale, Los Angeles County, California.

## II.   JURISDICTION AND VENUE

8. This is an action for declaratory relief based on the failure of Prime's insureds to cooperate.

9. This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of fees, interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

10. Venue is appropriate in the Central District of California as at least one

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

2

COMPLAINT FOR DECLARATORY RELIEF
Case No. 2:24-cv-00110
93112\315686202.v1

of the Defendants resides there.

11. Jurisdiction is appropriate in the Central District of California as one or more of the Defendants were involved in a motor vehicle accident in the District and are seeking a defense from Prime and because the Defendants either reside in this District or conduct business in this District with sufficient frequency to subject them to jurisdiction in this District, including on the date of the accident described below.

12. An actual justiciable controversy between Prime and the Defendants exists within the meaning of 28 U.S.C. § 2201, regarding whether Prime has a duty to defend and therefore a duty to indemnify FBE, Carbonell, Rodicio, Tempest and Cuan pursuant to the terms and conditions of a policy of insurance, with respect to the claims asserted by Aguilar, as is described in greater detail below.

## FACTUAL SUMMARY

13. On June 25, 2020 there was an automobile accident between Aguilar and Cuan in Los Angeles County, California.

14. At the time of the accident Carbonell and Cuan were employees of FBE. Cuan was the driver and Carbonell was a passenger.

15. At the time of the accident Carbonell was outside of vehicle with a flashlight to alert oncoming traffic as Cuan was turning the truck around.

16. Carbonell observed Aguilar from the time he approached the scene of the accident until impact.

17. Carbonell also observed other vehicles who were approaching the eventual accident scene who avoided hitting the truck Cuan was operating.

18. Unlike Carbonell, Cuan did not observe other traffic at all times as he turned the truck around. Therefore, he cannot offer the same testimony as to what occurred prior to and at the time of accident as Carbonell.

19. Aguilar sued FBE, Rodicio, Tempest, Cuan and Carbonell in the Superior Court of the State of California, seeking damages as a result of the injuries he allegedly incurred in excess of $75,000, exclusive of attorney's fees, interest and

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

3

COMPLAINT FOR DECLARATORY RELIEF
Case No. 2:24-cv-00110
93112\315686202.v1

costs. A copy of the suit is attached as **Exhibit A**.

20. After the suit was filed Carbonell recently has failed to cooperate with defense counsel hired by Prime to defend the suit despite reasonable attempts to secure his cooperation.

21. As the alleged owner of the truck, Prime agreed to defend Rodocio. However, after that defense was provided, Rodicio also refused to cooperate with defense counsel and as a result, defense counsel retained by Prime withdrew from that representation.

## THE POLICY

22. Prime issued a business auto policy to FBE d/b/a Tempest Transportation, Inc. (the "Policy"), which was in effect on the date of the accident. A true and correct copy of the Policy is attached as **Exhibit B**.

23. The applicable limit of the Policy was $1,000,000.00 combined single limit, unless the MCS-90 Endorsement applies, in which case the applicable limit is $750,000.00.

24. The Policy contains the following pertinent provisions:

> **THIS COMMERCIAL AUTO INSURANCE POLICY (the "Policy") is strictly limited to those activities and operations defined herein. Coverage is provided only for scheduled autos and drivers.**
>
> ***
>
> **BUSINESS AUTO COVERAGE FORM**
>
> ***
>
> **1. Who Is An Insured**
>
> The following are "insureds":
>
> a. You for any covered "auto".
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
> (1) The owner or anyone else from whom you hire or borrow a covered "auto".

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

> This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
>
> (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>
> (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
>
> (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
>
> (5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
>
> c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability

***

**SECTION IV – BUSINESS AUTO CONDITIONS**

> **2.    Duties In the Event Of Accident, Claim, Suit of Loss**
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> b. Additionally you and any other involved "insured" must:
>
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

***

25.    Prime is presently handling the defense of the suit subject to a full and complete reservation of rights. As a result, Prime has incurred and will continue to incur expenses associated with the investigation and defense of the suit.

26. Aguilar is a proper party since his rights, if any, may be affected by this Court's declaration.

27. All conditions precedent to bringing this action have been performed or otherwise waived.

## COUNT I
### (No Coverage Based Upon Carbonell's Failure To Cooperate)

28. Prime realleges paragraphs 1 through 27 above, and refers to them in this cause of action as though fully set forth herein.

29. The Policy requires you and any other involved insured to cooperate with Prime in the investigations and defense of a suit.

30. As an employee who witnessed the accident and was sued by Aguilar, Carbonell is an involved insured under the Policy.

31. As the alleged owner of the vehicle involved in the accident Rodicio is an involved insured under the Policy.

32. Carbonell and Rodicio are not cooperating with Prime or defense counsel in the defense of the suit, despite Prime's repeated efforts to secure their cooperation, including but not limited to letters, phone calls, and in the case of Carbonell, personal contacts.

33. As the only witness employed by FBE who saw Aguilar's vehicle from the time it as first observed up to the time of the accident, he is the only insured who can testify about Aguilar's speed and actions he failed to take to avoid the accident, as well as the actions of the drivers who approached the truck Cuan was driving and who avoided the accident.

34. Without Carbonell's cooperation and testimony at trial, Prime's ability to investigate and defend the suit will be prejudiced.

35. Accordingly, the Policy does not provide coverage for Cuan, Carbonell, FBE, Rodicio and Tempest.

36. Despite Carbonell's lack of cooperation, the Defendants believe there is

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

6

COMPLAINT FOR DECLARATORY RELIEF
Case No. 2:24-cv-00110
93112\315686202.v1

1  still coverage under the Prime policy.

2      37.    In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation under the Policy, if any, to defend and therefore indemnify Cuan, Carbonell, FBE, Tempest and Rodicio for any claims arising out of the accident.

## PRAYER FOR RELIEF

**WHEREFORE**, Prime respectfully requests the Court to:

1. To determine if the MCS-90 applies to the facts of this case and if so that the applicable limit of liability is $750,000.00 and not $1,000,000.00;

2. That if the MCS-90 does not apply to find and declare there is no coverage under the Policy based upon Carbonell's failure to cooperate;

3. To award Prime costs for bringing this action; and

4. To enter an order awarding Prime any other relief that is just an proper under the evidence and circumstances.

DATED: January 5, 2024        HINSHAW & CULBERTSON LLP

By: */s/ Kimia Karami*
KIMIA KARAMI
Attorneys for Plaintiff
PRIME PROPERTY AND
CASUALTY INSURANCE
COMPANY

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

7

COMPLAINT FOR DECLARATORY RELIEF
Case No. 2:24-cv-00110

93112\315686202.v1